UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISABELLA MARYANOVSKY,

        Petitioner,

v.                                                      Case No. 3:25-cv-1599-MMH-SJH

GARRET RIPA, et al.,

        Respondents.

## **TEMPORARY RESTRAINING ORDER**

Petitioner Isabella Maryanovsky, an immigration detainee at the Baker County Detention Center, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition). Maryanovsky, born in Ukraine, is a former citizen of the Union of Soviet Socialist Republics (USSR). Petition at 5, 9. According to Maryanovsky, she is subject to a final order of removal; however, because her removal could not be effectuated within the statutory removal period, United States Immigration and Customs Enforcement (ICE) released her under an Order of Supervision (OSUP) in September 2009. Id. at 8. Maryanovsky alleges that ICE re-detained her on December 15, 2025. Id.

Maryanovsky argues that she is being detained in violation of Zadvydas v. Davis, 533 U.S. 678 (2001), and her right to due process. Id. at 10–12. Indeed,

she asserts that Ukraine does not recognize her as one of its citizens, and as such, her removal is not reasonably foreseeable. Id. at 9, 11. She further asserts that ICE re-detained her without notice of the reasons for revoking her supervision, a prompt informal interview, or an opportunity to contest the grounds for re-detention. Id. at 10–11. As relief, Maryanovsky asks the Court to: direct her immediate release from ICE custody; direct the Department of Homeland Security to reinstate her prior OSUP or impose appropriate conditions of release; enjoin Respondents from re-detaining her absent full compliance with governing regulations and constitutional requirements; and award attorney's fees and costs. Id. at 13.

Over a week after initiating the case, Maryanovsky filed an Emergency Motion for Temporary Restraining Order (Doc. 3; Motion). In the Motion, she seeks a temporary restraining order enjoining and restraining Respondents from transferring or relocating her outside the jurisdiction of the Middle District pending a ruling on this habeas action. Id. at 21. She also seemingly asks the Court to "temporarily" enjoin Respondents from denying her release on the basis that she is subject to mandatory detention pursuant to 8 U.S.C. § 1231 and continuing to detain her under an invalid agency decision. Id. at 20.

2

Injunctive relief, whether in the form of a temporary restraining order or a preliminary injunction, "is an extraordinary and drastic remedy." Wreal, LLC v. Amazon.com, Inc., 840 F.3d 1244, 1247 (11th Cir. 2016) (quoting Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)). To secure an injunction, a party must establish four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009) (per curiam) (internal citation omitted); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). Notably, where the government is the party opposing the injunction, the third and fourth factors merge. See Gonzalez v. Governor of Georgia, 978 F.3d 1266, 1271 (11th Cir. 2020) (discussing elements of a preliminary injunction against a government entity). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998).

Considering the allegations in the Motion and Petition, the Court finds that a temporary restraining order to maintain the status quo is warranted. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982) ("One inherent characteristic of a temporary restraining order is that it has the effect

3

of merely preserving the status quo[.]"). Without interim relief to maintain the status quo, Maryanovsky could be deported or removed from this Court's jurisdiction, effectively foreclosing any recourse. The exigency of Maryanovsky's potential unlawful detention necessitates entry of this temporary restraining order without notice to Respondents. As such, the Motion is granted to the extent that the Court will enjoin Respondents from removing Maryanovsky from the Jacksonville Division of the Middle District of Florida. Moreover, because there is no realistic likelihood of prejudice to Respondents from the issuance of this limited restraint, the Court exercises its discretion to dispense with the requirement that Maryanovsky provide security under Rule 65(c), Federal Rules of Civil Procedure (Rule(s)). See Ajugwe v. Noem, No. 8:25-CV-982-MSS-AEP, 2025 WL 1370212, at *10 (M.D. Fla. May 12, 2025) (exercising "discretion to waive the bond requirement in Fed. R. Civ. P. 65(c)").

Notably, temporary restraining orders are meant to "preserv[e] the status quo rather than grant[] most or all of the substantive relief requested in the complaint." Fernandez-Roque, 671 F.2d at 429. Therefore, insofar as Maryanovsky asks the Court to enjoin Respondents from "continuing to detain" her, her request is denied.

Accordingly, it is **ORDERED**:

4

1. Maryanovsky's Emergency Motion for Temporary Restraining Order (Doc. 3) is **GRANTED in part and DENIED in part**. The Motion is **GRANTED** to the extent that Respondents and any officers, agents, servants, employees, attorneys, and persons in active concert or participation with Respondents who receive actual notice of this Order, are enjoined from removing Maryanovsky from the Jacksonville Division of the Middle District of Florida up to and including **January 19, 2026**, unless this temporary restraining order is extended or earlier dissolved. The security required by Rule 65(c) is waived. The Motion is **DENIED** in all other respects.

2. The **Clerk of Court** shall send a copy of the Petition for Writ of Habeas Corpus (Doc. 1) and this Order by **mail and e-mail** to the United States Attorney for the Middle District of Florida (USAFLM.JAX.Civil.NewCases@usdoj.gov); and by certified mail to the Director of Enforcement and Removal Operations, Miami Field Office, 865 S.W. 78th Avenue, Suite 101, Plantation, FL 33324; the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530; and Sheriff Scotty Rhoden, 1 Sheriff's Office Drive, Macclenny, FL 32063. All costs of service shall be advanced by the United States.

3. Counsel for Respondents shall file a notice of appearance by **January 12, 2026.**

4.   The Court will conduct a status conference on **January 6, 2026, at 4:30 p.m.** to discuss a briefing schedule.[1] The Courtroom Deputy Clerk will separately send participants an Outlook invitation with the link, meeting ID, and password.

Participants should dress in appropriate court attire and appear in front of an appropriate professional background. All persons are hereby reminded that pursuant to Local Rule 5.01, United States District Court, Middle District of Florida, "[n]o one may broadcast, televise, record, or photograph a judicial proceeding, including a proceeding by telephone or video." Violation of these prohibitions may result in sanctions, including removal of court issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court.

**DONE AND ORDERED** at Jacksonville, Florida, at 3:35 p.m. January 5, 2026.

MARCIA MORALES HOWARD
United States District Judge

---

[1] Maryanovsky's presence is not required.

6

Jax-9 1/5
c:     Counsel of record