UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ISABELLA MARYANOVSKY,

      Petitioner,

v.                                      Case No. 3:25-cv-1599-MMH-SJH

GARRETT RIPA, et al.,

      Respondents.

## ORDER

Petitioner Isabella Maryanovsky, an immigration detainee at the Baker County Detention Center, initiated this action through counsel by filing a Petition for Writ of Habeas Corpus (Doc. 1; Petition). Maryanovsky, born in Ukraine, is a former citizen of the Union of Soviet Socialist Republics (USSR). Petition at 5, 9. According to Maryanovsky, she is subject to a final order of removal; however, because her removal could not be effectuated within the statutory removal period, United States Immigration and Customs Enforcement (ICE) released her under an Order of Supervision (OSUP) in September 2009. Id. at 8. Maryanovsky alleges that ICE re-detained her on December 15, 2025. Id.

Maryanovsky argues that she is being detained in violation of Zadvydas v. Davis, 533 U.S. 678 (2001), and her right to due process. Id. at 10–12. Indeed,

she asserts that Ukraine does not recognize her as one of its citizens, and as such, her removal is not reasonably foreseeable. Id. at 9, 11. She further asserts that ICE re-detained her without notice of the reasons for revoking her supervision, a prompt informal interview, or an opportunity to contest the grounds for re-detention. Id. at 10–11. As relief, Maryanovsky asks the Court to: direct her immediate release from ICE custody; direct the Department of Homeland Security to reinstate her prior OSUP or impose appropriate conditions of release; enjoin Respondents from re-detaining her absent full compliance with governing regulations and constitutional requirements; and award attorney's fees and costs. Id. at 13.

On January 5, 2026, the Court granted in part Maryanovsky's request for a temporary restraining order, and enjoined Respondents from removing her from the Jacksonville Division of the Middle District of Florida through January 20, 2026. See Temporary Restraining Order (Doc. 4); Endorsed Order (Doc. 7). The Court held a status hearing on January 6, 2026, during which the parties agreed to extend the temporary restraining order through January 27, 2026. The Court also ordered Respondents to file a response addressing whether the temporary restraining order should be converted to a preliminary injunction by January 15, 2026, and Maryanovsky to file a reply by 1:00 p.m.

2

on January 22, 2026. The Court then set a preliminary injunction hearing for January 27, 2026. See Fed. R. Civ. P. 65(b)(3).

Upon further consideration of the file, the Court will consolidate the preliminary injunction hearing with an adjudication of the Petition on the merits. See Fed. R. Civ. P. 65(a)(2) ("Before or after the beginning of the hearing on a motion for a preliminary injunction, the court may advance the trial on the merits and consolidate it with the hearing."). Therefore, the hearing set for January 27, 2026, will be a hearing on whether a preliminary injunction should issue as well as a hearing on the merits of the Petition.[1]

Because Respondents have already filed their Response opposing the issuance of a preliminary injunction (Doc. 12), the Court will briefly extend the deadlines to allow for further supplementation. Accordingly, it is

**ORDERED**:

1.   **No later than 5:00 p.m. on January 21, 2026**, Respondents must supplement their response to address the merits of the Petition.

2.   **No later than 5:00 p.m. on January 23, 2026**, Maryanovsky may file a reply.

---

[1] If the parties believe additional time is needed to address the merits of the Petition, they can request an extension of the Temporary Restraining Order and a continuance of the preliminary injunction hearing.

3. At the hearing set on **January 27, 2026, at 1:30 p.m.**, the Court will consider whether a preliminary injunction should issue as well as the merits of the Petition.

**DONE AND ORDERED** at Jacksonville, Florida, this 20th day of January, 2026.

MARCIA MORALES HOWARD
United States District Judge

c:
Counsel of record